■ MANO ENTERPRISES, INC., Respondent, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. [39 NYS3d 754]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 7, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the first and third causes of action (breach of contract and breach of the covenant of good faith and fair dealing, respectively), unanimously modified, on the law, to grant the motion as to the third cause of action, and otherwise affirmed, without costs. Order, same court and Justice, entered May 18, 2015, which denied defendant's motion for leave to renew and reargue, unanimously affirmed as to renewal, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.

Plaintiff contends that defendant deprived it of an ownership right under its insurance policy by placing a hold on the policy that prevented plaintiff from assigning it to a third party, which resulted in the lapse of the policy due to nonpayment of the premium. There is an issue of fact as to whether defendant appropriately refused to process the assignment of the policy (*see Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 7-8 [1st Dept 2012]). Plaintiff's damages are not speculative in light of its contract of assignment to the third party; at the time the policy was issued, an action for damages following a breach of the assignment clause, divesting plaintiff of valuable ownership rights, was foreseeable.

The third cause of action is duplicative of the first cause of action (*see Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323 [1st Dept 2004]).

Defendant failed to submit new evidence on its motion for leave to renew (CPLR 2221 [e] [2]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.